NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER NETTLETON, | No. 23-35399 |
| Plaintiff-Appellant, | D.C. No. 6:22-cv-01290-MC |
| v. | |
| EXACT SCIENCES CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted June 3, 2024*
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Plaintiff Christopher Nettleton appeals from the dismissal of his breach of contract and fraud claims arising out of his employment with Defendant Exact Sciences Corporation. We review de novo the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). We have jurisdiction under 28 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 1291, and we affirm the dismissal of Nettleton's contract claim but reverse the dismissal of his fraud claim and remand for further proceedings.

1. ***Contract Claim.*** The district court correctly dismissed Nettleton's contract claim. Nettleton alleges that as part of his employment contract Exact Sciences promised that if he accepted the Senior Territory Manager position, he would not have to relocate. However, Nettleton's employment was at will and Exact Sciences' representations regarding relocation and Nettleton's sales territory were not defined by any temporal duration. Exact Sciences performed its contractual obligation because, for the first three months of Nettleton's employment, it assigned him to the same sales territory that he had previously worked for Pfizer Corporation, which was in the area where he lived. *See Lewis v. Or. Beauty Supply Co.*, 733 P.2d 430, 433 (Or. 1987) (noting that "[t]he very label of 'contract terminable at will' . . . implies . . . that the durational element has been left open" and "an employer ordinarily may discharge an employee for any reason and at any time").

2. ***Leave to Amend.*** The district court did not err in denying Nettleton leave to amend his contract claim because Exact Sciences' performance indicates amendment would have been futile. *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) (Dismissals without leave to amend are proper if "it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

3. ***Fraud Claim.*** The district court dismissed Nettleton's fraud claim,

concluding that he could not show intent to defraud or reasonable reliance. We disagree on both points.

Fraud can be based on a promise of future action if the promisor had no intent to perform, *Conzelmann v. Nw. Poultry & Dairy Prods. Co.*, 225 P.2d 757, 765 (Or. 1950), or if the promisor made the promise with reckless disregard about whether the promise would be performed, *Elizaga v. Kaiser Found. Hosps., Inc.*, 487 P.2d 870, 874 (Or. 1971). Nettleton alleges facts that, when viewed in the light most favorable to him, indicate Exact Sciences induced him into accepting a position by promising that he would not have to relocate with, at a minimum, reckless disregard for whether it would honor that promise.

Nettleton alleges that Exact Sciences developed a plan to avoid adverse financial consequences from Pfizer's decision to stop promoting Exact Sciences' product Cologuard by hiring "all or nearly all of the former Pfizer [Cologuard salesforce] immediately upon their layoff from Pfizer to create the outward appearance of a seamless transition of the Cologuard marketing to it from Pfizer." He further alleges that Exact Sciences' plan "anticipated the separation of most of the newly hired former-Pfizer employees within four to 12 months of their hire date, after completion of a reorganization [of the sales team]." Additionally, Nettleton alleges that to recruit Pfizer's sales representatives (including himself) as quickly as possible, Exact Sciences promised it would not have to relocate employees even

though it had already retained, or was in the process of retaining, a consultant to reorganize its sales team and that it planned to implement the consultant's recommendations for territory reassignments. Finally, Nettleton alleges that several months after Exact Sciences announced the reorganization of its sales team, his manager told him that Exact Sciences knew when it promised him that he would not have to relocate that the reorganization would result in changed territories and relocations. Accepting these factual allegations as true and construing them in favor of Nettleton, he has adequately pled intent to defraud.

The district court also concluded that Nettleton could not have reasonably relied on Exact Sciences' promise regarding relocation because it was not part of his written employment contract, which contained a supersession clause. Under Oregon law, a supersession clause does not automatically foreclose reasonable reliance on extra-contractual representations. Rather, the contract terms must directly contradict the alleged representation; general disavowals of previous representations are insufficient to render reliance unreasonable as a matter of law. *Heise v. Pilot Rock Lumber Co.*, 352 P.2d 1072, 1077 (Or. 1960) ("[T]he existence of a written contract or deed which does not by its very terms negate the alleged fraud is no defense in actions for damages for fraud for the reason that fraud is an exception to the parol evidence rule."); *Campbell v. Southland Corp.*, 871 P.2d 487, 492 (Or. Ct. App. 1994) (in banc) ("Defendant cannot rely on the disclaimers to escape liability if there

4

were intentional misrepresentations.").

Here, Nettleton's employment contract was silent regarding relocation and thus it did not directly contradict Exact Sciences' promise. Accordingly, the district court erred when it concluded that Nettleton could not establish reasonable reliance as a matter of law due to the supersession clause.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**[1]

---

[1] Each party is to bear its own costs on appeal.